**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)*   **20-**                          Chapter   **11**

☐ Check if this an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **LBD Parent Holdings, LLC** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **Lucky**<br>**Lucky Brand**<br>**Lucky Brand Jeans**<br>**Lucky Brand Dungarees** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **46-4354563** |

| | | |
|---|---|---|
| 4. | Debtor's address | **Principal place of business** |

**Mailing address, if different from principal place of business**

**540 S Santa Fe Ave, Los Angeles, CA 90013**
Number, Street, City, State & ZIP Code

P.O. Box, Number, Street, City, State & ZIP Code

**Los Angeles**
County

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | **www.luckybrand.com** |

| | | |
|---|---|---|
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4481**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☒ Yes

| | | | | |
|---|---|---|---|---|
| Debtor | See Attachment 1 | | Relationship | Affiliate |
| District | District of Delaware | When | Date hereof | Case number, if known | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**  _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes   Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   .

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

*Consolidated for all Debtors

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

*Consolidated for all Debtors

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,000 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

*Consolidated for all Debtors

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **07/03/2020**
           MM / DD / YYYY

**X** */s/ Christopher Cansiani*            **Christopher Cansiani**
     Signature of authorized representative of debtor          Printed name

Title    **Treasurer**

**18. Signature of attorney**

**X** */s/ Michael R. Nestor*          Date   **07/03/2020**
     Signature of attorney for debtor                 MM / DD / YYYY

**Michael R. Nestor**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**      Email address   **mnestor@ycst.com**

**3526 Delaware**
Bar number and State

## <u>ATTACHMENT 1 TO VOLUNTARY PETITION</u>

On the date hereof, each of the affiliated entities listed below (collectively, the "**<u>Debtors</u>**") will file or has filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, in the United States Bankruptcy Court for the District of Delaware (the "**<u>Court</u>**"). Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Lucky Brand Dungarees, LLC.

| Debtor Name | Federal EIN |
|---|---|
| Lucky Brand Dungarees, LLC | 95-4363823 |
| LBD Parent Holdings, LLC | 46-4354563 |
| LBD Intermediate Holdings, LLC | 46-4377702 |
| Lucky Brand Dungarees Stores, LLC | 22-3687295 |
| Lucky PR, LLC | 80-0969578 |

## LBD PARENT HOLDINGS, LLC
### (a Delaware limited liability company)

### Unanimous Written Consent of the Board
### in Lieu of a Meeting

### July 3, 2020

The undersigned, being all of the members of the Board of Directors (the "**Board**") of LBD Parent Holdings, LLC (the "**Company**"), do hereby consent to the following actions and adopt the following resolutions in accordance with Section 18-404(d) of the Limited Liability Company Act of the State of Delaware (the "**Act**"), the Company's Fourth Amended and Restated Limited Liability Company Agreement (as amended, the "**LLC Agreement**") and/or other organizational documents of the Company, and agree that said resolutions shall have the same force and effect as if duly adopted at a meeting of the Board held for that purpose.

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the outside financial and legal advisors of the Company and its subsidiaries (the Company and its subsidiaries being collectively, the "**Lucky Parties**") regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Company and its subsidiaries, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's and its subsidiaries' businesses.

**WHEREAS**, it is acknowledged that no member of the Board affiliated with Leonard Green & Partners will consent to the actions and adopt resolutions under the headings "*Debtor-in-Possession Financing and Use of Cash Collateral*" and "*Stalking Horse Asset Purchase Agreements*" (together, the "**DIP Financing and APA Approvals**"), unless the special committee of LBD Parent Holdings, LLC formed on May 18, 2020 (the "**Special Committee**") has unanimously recommended that the Board approve such matters.

**WHEREAS**, the Special Committee has had an opportunity to consult with the financial and legal advisors of the Lucky Parties and review the chapter 11 preparation materials, the DIP Financing Documents (as defined below) and APA Documents (as defined below) provided by such advisors, and as a result thereof, the Special Committee has unanimously recommended that the Board consent to the actions and adopt the resolutions herein, including without limitation the DIP Financing and APA Approvals.

**WHEREAS**, in connection with the Special Committee's recommendation, the Board has determined that it is desirable and in the best interests of the Company and the other Lucky Parties, their creditors, members and other stakeholders generally that the Company and the other Lucky Parties file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**WHEREAS**, SPARC Group, LLC ("**SPARC**") and/or certain other parties (collectively with SPARC, the "**SPARC Group**") have provided the Lucky Parties with an indication of interest with respect to the SPARC Group's proposed purchase of certain assets and assumption of certain liabilities from the Lucky Parties (the "**Acquired Assets**"), and (i) the SPARC Group and the

Lucky Parties have negotiated a primary asset purchase agreement (the "**Primary APA**") to govern the terms of such proposed purchase and (ii) in connection with the Primary APA, ABG-Lucky, LLC ("**ABG**"), a newly formed subsidiary of Authentic Brands Group LLC, and the Lucky Parties have negotiated a secondary asset purchase agreement that will only come into effect if the Primary APA terminates under certain circumstances to govern the terms of ABG's proposed purchase of certain assets and assumption of certain liabilities from the Lucky Parties (the "**Secondary APA**" and together with the Primary APA, the "**APAs**"), subject to the receipt of a higher or otherwise better offer and a "fiduciary out".

**WHEREAS**, in connection with the Special Committee's recommendation, the Board has reviewed the APAs (together with each of the other certificates, documents, agreements, and schedules contemplated under the APAs, as applicable, the "**APA Documents**"), and after due consideration and deliberation, determined that the transactions contemplated by the applicable APA Documents (the "**APA Transactions**") are advisable, fair to, and in the best interests of the Lucky Parties and their equityholders, creditors and other stakeholders.

**WHEREAS**, the sale to the SPARC Group or ABG is subject to the Lucky Parties filing a motion (the "**Sale Motion**") with the Bankruptcy Court, seeking, among other things, approval of (a) an auction process (the "**Auction**") that will govern the marketing and sale of the Business through certain bidding procedures (the "**Bidding Procedures**") to the SPARC Group, ABG or another bidder with the highest or otherwise best offer (such bidder, the "**Successful Bidder**") and (b) the SPARC Group or ABG as the stalking horse bidder and certain related bid protections.

**Voluntary Petition Under the Provisions of Chapter 11 of the Bankruptcy Code**

**BE IT RESOLVED**, that the Company is hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the bankruptcy case commenced by such petition, together with the bankruptcy cases of the other Lucky Parties, being referred to as the "**Chapter 11 Cases**");

**BE IT RESOLVED**, that each Lucky Party is hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code;

**BE IT FURTHER RESOLVED**, that the President, the Chief Executive Officer, the Chief Restructuring Officer, the Secretary, the Treasurer, the Chief Financial Officer, the Vice Presidents and other officers of the Company and each other Lucky Party (collectively, the "**Authorized Officers**") be, and each of them acting alone hereby is, authorized to execute and verify such petition of the Company and each other Lucky Party in the name of the Company or such other Lucky Party, as applicable, under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), in such form and at such time as the Authorized Officer executing such petition shall determine; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company and each other Lucky Party, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other

necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases.

**Debtor-in-Possession Financing and Use of Cash Collateral**

**BE IT RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interest of the Company and the other Lucky Parties to engage in, and the Company and the other Lucky Parties will obtain benefits from, the lending transactions (the "**Debtor-in-Possession Financing**") in an aggregate principal amount of $15,600,000 to be evidenced by the proposed interim and final orders to be entered by the Bankruptcy Court, which authorize the Debtors to (i) enter into and implement in all respects the transactions contemplated therein, including the incurrence of obligations under, and granting of liens to secure, the Debtor-in-Possession Financing, and (ii) continue to use the cash collateral and other collateral under the Lucky Parties' secured credit facilities in the ordinary course of business (the "**DIP/Cash Collateral Orders**") in each case subject to approval by the Bankruptcy Court, which Debtor-in-Possession Financing is necessary and appropriate to the conduct, promotion and attainment of the business of the Company and the other Lucky Parties;

**BE IT RESOLVED**, that the form, terms and provisions of each of (i) the proposed DIP/Cash Collateral Orders substantially in the form presented to the Board, including the use of proceeds to provide liquidity for the Company and the other Lucky Parties throughout the Chapter 11 Cases, substantially on the terms and conditions set forth in the proposed DIP/Cash Collateral Orders, and (ii) any and all of the other agreements, including, without limitation, the secured promissory note referred to in the DIP/Cash Collateral Orders and any guarantee and security agreement, reaffirmations of guarantees, reaffirmations of security, certificates, letters of credit, financing statements, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP/Cash Collateral Orders, the "**DIP Financing Documents**") and the performance by the Company and the other Lucky Parties of their obligations thereunder are hereby authorized and approved;

**BE IT RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company and the other Lucky Parties, to cause the Company and the other Lucky Parties to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents to which it is a party and such other documents, agreements, instruments and certificates as may be required by the agent or required by the DIP/Cash Collateral Orders and any other DIP Financing Documents;

**BE IT RESOLVED**, that the Company and the other Lucky Parties are hereby authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents;

3

**BE IT RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized to grant security interests in, and liens on, any and all property of the Company and the other Lucky Parties as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company and the other Lucky Parties thereunder to the agents and lenders thereunder, and to authorize, execute, verify, file and/or deliver to the agent, on behalf of the Company and the other Lucky Parties, all agreements, documents and instruments required by the lenders in connection with the foregoing;

**BE IT RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company and the other Lucky Parties, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the obligations of the Company and the other Lucky Parties under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**BE IT RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company and the other Lucky Parties, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and

**BE IT RESOLVED**, that, in connection with the commencement of the Chapter 11 Cases, that the Authorized Officers be, and each of them acting alone hereby is, authorized to seek approval from the Bankruptcy Court of the DIP/Cash Collateral Orders, as contemplated by, and agreed to in, the DIP Financing Documents, and the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company and the other Lucky Parties, to negotiate, execute, and deliver any and all agreements, instruments, or documents necessary to implement the DIP/Cash Collateral Orders and the DIP Financing Documents, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Company and the other Lucky Parties to grant liens to their existing lenders, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company and the other Lucky Parties pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

### Stalking Horse Asset Purchase Agreements

**BE IT RESOLVED**, that it is advisable, fair to, and in the best interests of the Lucky Parties and their equityholders, creditors and other stakeholders to enter into the applicable APA Transactions;

**BE IT RESOLVED**, that the form, terms and provisions of the applicable APA Documents, substantially in the form presented to the Board, are hereby authorized and approved;

**BE IT RESOLVED**, that applicable Lucky Parties are authorized to enter into the applicable APA Documents with the buyer parties set forth therein for the sale of the Acquired Assets and to undertake any and all related transactions contemplated thereby, including the applicable APA Transactions, the Auction, and the bid protections on the terms contained therein or on such other terms and conditions as the Authorized Officers, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable.

**BE IT RESOLVED**, that the Authorized Officers of the applicable Lucky Parties be, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the applicable Lucky Parties to execute, on behalf of the applicable Lucky Parties, the applicable APA Documents and to execute and file, on behalf of the applicable Lucky Parties, the Sale Motion with the Bankruptcy Court.

**BE IT RESOLVED**, that the Authorized Officers of applicable Lucky Parties be, and each of them acting alone hereby is, directed, and empowered in the name of, and on behalf of, the applicable Lucky Parties to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate, for and on behalf of the applicable Lucky Parties, such agreements, documents, assignments and instruments as may be necessary appropriate or desirable in connection with the sale to the SPARC Group, ABG or the Successful Bidder.

## Retention of Professionals

**BE IT RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized and directed, on behalf of and in the name of the Company and the other Lucky Parties, to employ the law firm of Latham & Watkins LLP to represent and advise the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties, including filing any pleadings and conducting any potential sale process on behalf of the Company and the other Lucky Parties, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized and directed, on behalf of and in the name of the Company and the other Lucky Parties, to employ the law firm of Young Conaway Stargatt & Taylor, LLP to represent and advise the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties, including conducting any potential sale process on behalf of the Company and the other Lucky Parties, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Young Conaway Stargatt & Taylor, LLP;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized and directed, on behalf of and in the name of the Company and the other Lucky Parties, to employ the firm of Berkeley Research Group, LLC as restructuring advisor, to represent and assist the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Berkeley Research Group, LLC;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized and directed, on behalf of and in the name of the Company and the other Lucky Parties, to employ the firm of Houlihan Lokey Capital, Inc. as investment banker, to represent and assist the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Houlihan Lokey Capital, Inc.;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized and directed, on behalf of and in the name of the Company and the other Lucky Parties, to employ the firm of Epiq Corporate Restructuring, LLC, as claims, noticing, soliciting, and balloting agent, to assist the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Epiq Corporate Restructuring, LLC; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized and directed, on behalf of and in the name of the Company and the other Lucky Parties, to employ any other professionals necessary to assist the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

## General

**BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company or the other Lucky Parties under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases in connection with

such proceedings, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company or such other Lucky Party;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company and the other Lucky Parties, to cause the Company and the other Lucky Parties to take any action as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company and the other Lucky Parties, to cause the Company and the other Lucky Parties to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized and empowered, on behalf of and in the name of the Company and the other Lucky Parties, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Company or the other Lucky Parties, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company or such other Lucky Party.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board, duly called and constituted, pursuant to the LLC Agreement and Section 18-404 of the Act. Any facsimile or other electronic signature of the Board to these resolutions shall be fully effective as an original signature hereto. Upon execution of these resolutions, the undersigned hereby directs that these resolutions be filed in the Company's minute book.

[SIGNATURE PAGE FOLLOWS.]

**IN WITNESS WHEREOF,** the undersigned have duly executed this Unanimous Written Consent as of the date first written above.

_____
Michael Kirton

_____
Matthew Kaness

_____
Alan Fragen

**IN WITNESS WHEREOF,** the undersigned have duly executed this Unanimous Written Consent as of the date first written above.

_____
Michael Kirton

_____
Matthew Kaness

_____
Alan Fragen

**IN WITNESS WHEREOF,** the undersigned have duly executed this Unanimous Written Consent as of the date first written above.

_____
Michael Kirton

_____
Matthew Kaness

_____
Alan Fragen

# LBD PARENT HOLDINGS, LLC
## (a Delaware limited liability company)

## Unanimous Written Consent of the Special Committee of the Board in Lieu of a Meeting

### July 3, 2020

The undersigned, being the sole member of the Special Committee (the "**Special Committee**") of the Board (the "**Board**") of LBD Parent Holdings, LLC (the "**Company**"), does hereby recommend that the Board consent to the following actions and adopt the following resolutions in accordance with the unanimous written consent of the Board dated May 18, 2020 (the "**Special Committee Consent**"), Section 18-404(d) of the Limited Liability Company Act of the State of Delaware (the "**Act**"), the Company's Fourth Amended and Restated Limited Liability Company Agreement (as amended, the "**LLC Agreement**") and/or other organizational documents of the Company, and agree that said resolutions shall have the same force and effect as if duly adopted at a meeting of the Board held for that purpose.

**WHEREAS**, pursuant to the Special Committee Consent, the Special Committee has reviewed and analyzed the materials presented by management and the outside financial and legal advisors of the Company and its subsidiaries (the Company and its subsidiaries being collectively, the "**Lucky Parties**") regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Company and its subsidiaries, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's and its subsidiaries' businesses.

**WHEREAS**, it is acknowledged that no member of the Board affiliated with Leonard Green & Partners will consent to the actions and adopt resolutions under the headings "*Debtor-in-Possession Financing and Use of Cash Collateral*" and "*Stalking Horse Asset Purchase Agreements*" (together, the "**DIP Financing and APA Approvals**"), unless the Special Committee has unanimously recommended that the Board approve such matters.

**WHEREAS**, the Special Committee has had an opportunity to consult with the financial and legal advisors of the Lucky Parties and review the chapter 11 preparation materials, the DIP Financing Documents (as defined below) and APA Documents (as defined below) provided by such advisors, and as a result thereof, the Special Committee has unanimously recommended that the Board consent to the actions and adopt the resolutions herein, including without limitation the DIP Financing and APA Approvals.

**WHEREAS**, the Special Committee has determined that it is desirable and in the best interests of the Company and the other Lucky Parties, their creditors, members and other stakeholders generally that the Company and the other Lucky Parties file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**WHEREAS**, SPARC Group, LLC ("**SPARC**") and/or certain other parties (collectively with SPARC, the "**SPARC Group**") have provided the Lucky Parties with an indication of interest with respect to the SPARC Group's proposed purchase of certain assets and assumption of certain

liabilities from the Lucky Parties (the "**Acquired Assets**"), and (i) the SPARC Group and the Lucky Parties have negotiated a primary asset purchase agreement to govern the terms of such proposed purchase (the "**Primary APA**") and (ii) in connection with the Primary APA, ABG-Lucky, LLC ("**ABG**"), a newly formed subsidiary of Authentic Brands Group LLC, and the Lucky Parties have negotiated a secondary asset purchase agreement that will only come into effect if the Primary APA terminates under certain circumstances to govern the terms of ABG's proposed purchase of certain assets and assumption of certain liabilities from the Lucky Parties (the "**Secondary APA**" and together with the Primary APA, the "**APAs**"), subject to the receipt of a higher or otherwise better offer and a "fiduciary out".

**WHEREAS**, the Special Committee has reviewed the APAs (together with each of the other certificates, documents, agreements, and schedules contemplated under the APAs, as applicable, the "**APA Documents**"), and after due consideration and deliberation, determined that the transactions contemplated by the applicable APA Documents (the "**APA Transactions**") are advisable, fair to, and in the best interests of the Lucky Parties and their equityholders, creditors and other stakeholders.

**WHEREAS**, the sale to the SPARC Group or ABG is subject to the Lucky Parties filing a motion (the "**Sale Motion**") with the Bankruptcy Court, seeking, among other things, approval of (a) an auction process (the "**Auction**") that will govern the marketing and sale of the Business through certain bidding procedures (the "**Bidding Procedures**") to the SPARC Group, ABG or another bidder with the highest or otherwise best offer (such bidder, the "**Successful Bidder**") and (b) the SPARC Group or ABG as the stalking horse bidder and certain related bid protections.

**Voluntary Petition Under the Provisions of Chapter 11 of the Bankruptcy Code**

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Company to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the bankruptcy case commenced by such petition, together with the bankruptcy cases of the other Lucky Parties, being referred to as the "**Chapter 11 Cases**");

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize each Lucky Party to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code;

**BE IT FURTHER RESOLVED**, that the Special Committee hereby recommends that the Board authorize the President, the Chief Executive Officer, the Chief Restructuring Officer, the Secretary, the Treasurer, the Chief Financial Officer, the Vice Presidents and other officers of the Company and each other Lucky Party (collectively, the "**Authorized Officers**") to execute and verify such petition of the Company and each other Lucky Party in the name of the Company or such other Lucky Party, as applicable, under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), in such form and at such time as the Authorized Officer executing such petition shall determine; and

2

**BE IT FURTHER RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company and each other Lucky Party, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases.

**Debtor-in-Possession Financing and Use of Cash Collateral**

**BE IT RESOLVED**, that the Special Committee has determined that in connection with the Chapter 11 Cases, it is in the best interest of the Company and the other Lucky Parties to engage in, and the Company and the other Lucky Parties will obtain benefits from, the lending transactions (the "**Debtor-in-Possession Financing**") in an aggregate principal amount of $15,600,000 to be evidenced by the proposed interim and final orders to be entered by the Bankruptcy Court, which authorize the Debtors to (i) enter into and implement in all respects the transactions contemplated therein, including the incurrence of obligations under, and granting of liens to secure, Debtor-in-Possession Financing, and (ii) continue to use the cash collateral and other collateral under the Lucky Parties' secured credit facilities in the ordinary course of business (the "**DIP/Cash Collateral Orders**") in each case subject to approval by the Bankruptcy Court, which Debtor-in-Possession Financing is necessary and appropriate to the conduct, promotion and attainment of the business of the Company and the other Lucky Parties;

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize and approve the form, terms and provisions of each of (i) the proposed DIP/Cash Collateral Orders substantially in the form presented to the Board, including the use of proceeds to provide liquidity for the Company and the other Lucky Parties throughout the Chapter 11 Cases, substantially on the terms and conditions set forth in the proposed DIP/Cash Collateral Orders, and (ii) any and all of the other agreements, including, without limitation, the secured promissory note referred to in the DIP/Cash Collateral Orders and any guarantee and security agreement, reaffirmations of guarantees, reaffirmations of security, certificates, letters of credit, financing statements, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP/Cash Collateral Orders, the "**DIP Financing Documents**") and the performance by the Company and the other Lucky Parties of their obligations thereunder;

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, in the name and on behalf of the Company and the other Lucky Parties, to cause the Company and the other Lucky Parties to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents to which it is a party and such other documents, agreements, instruments and certificates as may be required by the agent or required by the DIP/Cash Collateral Orders and any other DIP Financing Documents;

3

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Company and the other Lucky Parties to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents;

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers to grant security interests in, and liens on, any and all property of the Company and the other Lucky Parties as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company and the other Lucky Parties thereunder to the agents and lenders thereunder, and to authorize, execute, verify, file and/or deliver to the agent, on behalf of the Company and the other Lucky Parties, all agreements, documents and instruments required by the lenders in connection with the foregoing;

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, in the name and on behalf of the Company and the other Lucky Parties, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the obligations of the Company and the other Lucky Parties under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, in the name and on behalf of the Company and the other Lucky Parties, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and

**BE IT RESOLVED**, that, in connection with the commencement of the Chapter 11 Cases, that the Special Committee hereby recommends that the Board authorize the Authorized Officers to seek approval from the Bankruptcy Court of the DIP/Cash Collateral Orders and the DIP Financing Documents, as contemplated by, and agreed to in, the DIP Financing Documents, and the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company and the other Lucky Parties, to negotiate, execute, and deliver any and all agreements, instruments, or documents necessary to implement the DIP/Cash Collateral Orders, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Company and the other Lucky Parties to grant liens to their existing lenders, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company and the other Lucky Parties pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

## Stalking Horse Asset Purchase Agreements

**BE IT RESOLVED**, that the Special Committee has determined that it is advisable, fair to, and in the best interests of the Lucky Parties and their equityholders, creditors and other stakeholders to enter into the applicable APA Transactions;

4

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize and approve the form, terms and provisions of the applicable APA Documents, substantially in the form presented to the Board;

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the applicable Lucky Parties to enter into the applicable APA Documents with the buyer parties set forth therein for the sale of the Acquired Assets and to undertake any and all related transactions contemplated thereby, including the applicable APA Transactions, the Auction, and the bid protections on the terms contained therein or on such other terms and conditions as the Authorized Officers, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable.

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers of the applicable Lucky Parties, in the name of, and on behalf of, the applicable Lucky Parties to execute, on behalf of the applicable Lucky Parties, the applicable APA Documents and to execute and file, on behalf of the applicable Lucky Parties, the Sale Motion with the Bankruptcy Court.

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers of applicable Lucky Parties, in the name of, and on behalf of, the applicable Lucky Parties to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate, for and on behalf of the applicable Lucky Parties, such agreements, documents, assignments and instruments as may be necessary appropriate or desirable in connection with the sale to the SPARC Group, ABG or the Successful Bidder.

**Retention of Professionals**

**BE IT RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, on behalf of and in the name of the Company and the other Lucky Parties, to employ the law firm of Latham & Watkins LLP to represent and advise the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties, including filing any pleadings and conducting any potential sale process on behalf of the Company and the other Lucky Parties, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP;

**BE IT FURTHER RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, on behalf of and in the name of the Company and the other Lucky Parties, to employ the law firm of Young Conaway Stargatt & Taylor, LLP to represent and advise the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties, including conducting any potential sale process on behalf

5

of the Company and the other Lucky Parties, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Young Conaway Stargatt & Taylor, LLP;

**BE IT FURTHER RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, on behalf of and in the name of the Company and the other Lucky Parties, to employ the firm of Berkeley Research Group, LLC as restructuring advisor, to represent and assist the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Berkeley Research Group, LLC;

**BE IT FURTHER RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, on behalf of and in the name of the Company and the other Lucky Parties, to employ the firm of Houlihan Lokey Capital, Inc. as investment banker, to represent and assist the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Houlihan Lokey Capital, Inc.;

**BE IT FURTHER RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, on behalf of and in the name of the Company and the other Lucky Parties, to employ the firm of Epiq Corporate Restructuring, LLC, as claims, noticing, soliciting, and balloting agent, to assist the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company and the other Lucky Parties in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Epiq Corporate Restructuring, LLC; and

**BE IT FURTHER RESOLVED**, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, on behalf of and in the name of the Company and the other Lucky Parties, to employ any other professionals necessary to assist the Company and the other Lucky Parties in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

6

**General**

BE IT RESOLVED, that the Special Committee hereby recommends that the Board adopt, ratify, confirm and approve all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company or the other Lucky Parties under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases in connection with such proceedings, or any matter related thereto, in all respects as the acts and deeds of the Company or such other Lucky Party;

BE IT FURTHER RESOLVED, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, on behalf of and in the name of the Company and the other Lucky Parties, to cause the Company and the other Lucky Parties to take any action as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

BE IT FURTHER RESOLVED, that the Special Committee hereby recommends that the Board authorize the Authorized Officers, on behalf of and in the name of the Company and the other Lucky Parties, to cause the Company and the other Lucky Parties to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

BE IT FURTHER RESOLVED, that the Special Committee hereby recommends that the Board authorize the Authorized Officers , on behalf of and in the name of the Company and the other Lucky Parties, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

BE IT FURTHER RESOLVED, that the Special Committee hereby recommends that the Board adopt, ratify, confirm and approve all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Company or the other Lucky Parties, which acts would have been approved by the Board pursuant to the foregoing resolutions except that such acts were taken before these resolutions were certified, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company or such other Lucky Party.

The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Special Committee, duly called and constituted, pursuant to the LLC Agreement and Section 18-404 of the Act. Any facsimile or other electronic signature of the Special Committee to these resolutions shall be fully effective as an original signature hereto. Upon execution of these resolutions, the undersigned hereby directs that these resolutions be filed in the Company's minute book.

US-DOCS\116581487.8                                                            054227-0008

[SIGNATURE PAGE FOLLOWS.]

**IN WITNESS WHEREOF,** the undersigned has duly executed this Unanimous Written Consent as of the date first written above.

Alan Fragen

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | x |  |
| In re: | : | Chapter 11 |
|  | : |  |
| Lucky Brand Dungarees, LLC, *et al.*,[1] | : | Case No. 20-_____ ( ) |
|  | : |  |
| Debtors. | : | Joint Administration Requested |
|  | x |  |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101–1532 (the "**Bankruptcy Code**"). Pursuant to Federal Rule of Bankruptcy Procedure 1007(d), the following is a consolidated list of the Debtors' creditors holding the thirty (30) largest unsecured claims (the "**Creditor List**") based on the Debtors' unaudited books and records as of June 19, 2020.

The Creditor List does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim at a later date.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578) and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

Fill in this information to Identify the case:

Debtor Name:   Lucky Brand Dungarees, LLC et al.

United States Bankruptcy Court for the:      District of Delaware

Case Number (If known):

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | RED & BLUE INTERNATIONAL LTD THE HALLMARK BUILDING SUITE 227 THE VALLEY ANGUILLA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 852-2305 2219 FAX: 852-374 12633 EDDIE@RED-BLUELTD.COM | MERCHANDISE VENDOR | | | | $13,355,201.16 |
| 2 | HIRDARAMANI INTERNATIONAL EXPORTS(PVT)LT NO.23, WEST TOWER,WORLD TRADE EACHLON SQUARE COLOMBO SRI LANKA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 94-11-479-7000 FAX: 94-11-244-6135 AROON@HIRDARAMANI.COM | MERCHANDISE VENDOR | | | | $5,940,653.52 |
| 3 | ORIT TRADING LANKA (PVT) LTD 7TH FLOOR, WTC, ECHELON SQUARE COLOMBO 1  0100 SRI LANKA | CONTACT: CHIEF FINANCIAL OFFICER MODITHA@ORITSL.COM | MERCHANDISE VENDOR | | | | $5,820,349.57 |
| 4 | INT,S.A. EDIF. TIKAL FUTURA NIVEL 17 TORRE LUNA GUATEMALA, GUATEMALA  01011 GUATEMALA | CONTACT: CHIEF FINANCIAL OFFICER BETTY@INTTRADING.COM | MERCHANDISE VENDOR | | | | $5,780,905.69 |
| 5 | SAHU EXPORTS A-114, SECTOR 65, NOIDA 201 301 INDIA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 91-120-2424-147 FAX: 91-120-2424-148 MANOJSAHU@SAHUEXPORTS.COM | MERCHANDISE VENDOR | | | | $4,703,139.94 |

**Debtor:** Lucky Brand Dungarees, LLC et al.

**Case Number** (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | SIMON 225 W. WASHINGTON ST. INDIANAPOLIS, IN 43204 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 317.263.7646317.617.9169 DSEABAUGH@SIMON.COM | RENT | | | | $4,625,242.05 |
| 7 | SHREE BHARAT INTERNATIONAL PVT. LTD. W-41, SECTOR 11 NOIDA 201301 INDIA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 91-120-4302-900 FAX: 91-120-4333-310 RAVIRAINA@SBIL.BIZ | MERCHANDISE VENDOR | | | | $3,545,209.12 |
| 8 | SHAHI EXPORTS PRIVATE LIMITED INDUSTRIAL PLOT 1, SECTOR -28 FARIDABAD HARYANA INDIA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 91-129-227-3970 FAX: 91-129-227-3485 RAJIV.PANDE@SHAHI.CO.IN | MERCHANDISE VENDOR | | | | $2,931,363.59 |
| 9 | BUSANA APPAREL PTE LTD GRAND BUILDING 17 PHILIP ST 05-01 SINGAPORE 048695 SINGAPORE | CONTACT: CHIEF FINANCIAL OFFICER CHRISTINE_MONA@BUSANA GROUP.COM | MERCHANDISE VENDOR | | | | $2,814,958.68 |
| 10 | GAURAV INTERNATIONAL PLOT 236, UDYOG VIHAR-1 GURGAON, HARYANA 122016 INDIA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: (971) 769-6790 FAX: 91-124-4001549 POONAM@RICHAGROUP.CO M | MERCHANDISE VENDOR | | | | $2,771,453.25 |
| 11 | SPL INDUSTRIES LTD PLOT NO . 21-22, HUDA SECTOR-06 FARIDABAD - HARYANA 121006 INDIA | CONTACT: CHIEF FINANCIAL OFFICER VINAYGOYAL@SPLLIMITED.C OM | MERCHANDISE VENDOR | | | | $2,693,964.91 |
| 12 | UBASE INTERNATIONAL, INC. 345 TTUKSEOM-RO SEONGDONG-GU SEOUL 04780 KOREA, REPUBLIC OF | CONTACT: CHIEF FINANCIAL OFFICER JOYKIM@UBASEINTERNATIO NAL.COM | MERCHANDISE VENDOR | | | | $2,537,167.35 |
| 13 | ASIA PREMIUM SOURCING PTE LTD 6 RAFFLES QUAY 14-04/05 SINGAPORE, SINGAPORE 048580 SINGAPORE | CONTACT: CHIEF FINANCIAL OFFICER SUSANTY@TRINUNGGAL.CO M | MERCHANDISE VENDOR | | | | $2,474,862.48 |
| 14 | COSTURAS Y MANUFACTURAS DE TLAXCALA S.DE REFORMA SUR 27, INTERIOR B PANZACOLA TLAXCALA, TLAX 90796 MEXICO | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 52-222-141-6500 JOHN.FERNANDEZ@CMTMAI L.COM.MX | MERCHANDISE VENDOR | | | | $1,868,389.14 |
| 15 | RADIAL, INC. PO BOX 204113 DALLAS, TX 75320-4114 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: (610) 491-7760 DL-EBAYENT-BILLING@EBAY.COM | NON-MERCHANDISE VENDOR | Disputed | | | $1,636,180.00 |

**Debtor:** Lucky Brand Dungarees, LLC et al.

**Case Number** (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | SAE-A TRADING, LTD. SAE-A BLUG 429 YEONGDONG-DAERO, KANGNAM-KU SEOUL KOREA, REPUBLIC OF | CONTACT: CHIEF FINANCIAL OFFICER MIGUEL_JUNG@SAE-A.COM | MERCHANDISE VENDOR | | | | $1,625,482.53 |
| 17 | E.V. EXPORTS SECTOR-65 NOIDA, UTTAR PRADESH 201301 INDIA | CONTACT: CHIEF FINANCIAL OFFICER SANJEEV@EVEXPORTS.CO.IN | MERCHANDISE VENDOR | | | | $1,599,203.56 |
| 18 | R.K. INDUSTRIES IV A7 & 8 T.V.K INDUSTRIAL ESTATE CHENNAI, TAMIL NADU 600 032 INDIA | CONTACT: CHIEF FINANCIAL OFFICER AJAY@RK-INDIA.COM | MERCHANDISE VENDOR | | | | $1,511,779.55 |
| 19 | RADNIK EXPORTS 412, OSIAN BUILDING 12 NEHRU PL. DELHI, NEW DELHI 110019 INDIA | CONTACT: CHIEF FINANCIAL OFFICER AMIT@RADNIK.NET | MERCHANDISE VENDOR | | | | $1,481,282.17 |
| 20 | QINGDAO RUNTONG ART CRAFTS CO.,LTD WALI COMMUNITY LIUTING SUBDISTRICT QINGDAO 266108 CHINA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 0086 1527521196 ADAM@QINGDAORUNTONG .COM | MERCHANDISE VENDOR | | | | $1,473,240.73 |
| 21 | SHINWON CORPORATION 328 DONGMAK-RO, MAPO-GU SEOUL, REPUBLIC KOREA - KR 04157 KOREA, REPUBLIC OF | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 82-2-3274-5000 FAX: 82-2-3274-6173 SALEE2@SW.CO.KR; LOGISTICS.SW.CO.KR | MERCHANDISE VENDOR | | | | $1,335,106.89 |
| 22 | SUPER OVERSEAS PVT. LTD. C-151, HOSIERY COMPLEX HOSIERY COMPLEX PHASE-II NOIDA, U.P. 201305 INDIA | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 91-120-2462-640 FAX: 91-120-2462-648 JAMES@SUPEROVERSEAS.CO M | MERCHANDISE VENDOR | | | | $1,268,076.26 |
| 23 | HI JEWEL CO., LTD. ROOM 202, 16-11, ILSIN-RO 39BEON-GIL, BUPYEONG-GU, INCHEON CITY KOREA, REPUBLIC OF | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 822-400-8210 FAX: 822-400-8321 KAYLA@HIJEWEL.CO.KR | MERCHANDISE VENDOR | | | | $1,240,828.45 |
| 24 | UKNIT, INC. R1506 MARIO TOWER, 28 SEOUL 08389 KOREA, REPUBLIC OF | CONTACT: CHIEF FINANCIAL OFFICER KIMJY@U-KNIT.COM | MERCHANDISE VENDOR | | | | $1,174,130.51 |
| 25 | QINGDAO DREAM CLASSIC FASHION JEWELRY CO NORTH 200 METER OF LIJIANVGU D LIUTING ST, CHENGYANG DISTRICT QINGDAO 266108 CHINA | CONTACT: CHIEF FINANCIAL OFFICER TEAM2@DREAMCLASSICJEW ELRY.COM | MERCHANDISE VENDOR | | | | $1,137,962.41 |

**Debtor:** Lucky Brand Dungarees, LLC et al.　　　　　　　**Case Number** (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | MACERICH<br>401 WILSHIRE BLVD., SUITE 700<br>SANTA MONICA, CA 90407 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 585.249.4421<br>BILL.PALMER@MACERICH.COM | RENT | | | | $1,107,308.67 |
| 27 | PG USA, LLC.<br>2309 S. SANTA FE AVE.<br>LOS ANGELES, CA 90058 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 323-312-3508<br>BUZZCOHEN@MSN.COM | MERCHANDISE VENDOR | | | | $869,363.91 |
| 28 | BROOKFIELD<br>350 N. ORLEANS ST., SUITE 300<br>CHICAGO, IL 60654-1607 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 401-537-6232<br>JOSEPH.HOPE@BROOKFIELD PROPERTIESRETAIL.COM | RENT | | | | $835,455.95 |
| 29 | FEDERAL EXPRESS CORPORATION<br>942 SOUTH SHADY GROVE ROAD<br>MEMPHIS, TN 38120 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 901-818-7500<br>BANKRUPTCY@FEDEX.COM | NON-MERCHANDISE VENDOR | | | | $781,413.49 |
| 30 | JIING SHENG KNITTING CO LTD.<br>60 MARKET SQUARE,<br>P.O. BOX 364<br>BELIZE<br>BELIZE | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 86-512-65258170<br>FAX: 86-512-65258174<br>KINGHO@MAIL.JMKNIT.COM | MERCHANDISE VENDOR | | | | $712,990.13 |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    *Amended Schedule* ____

☒    *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐    Other document that requires a declaration ____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/03/2020        **X**    */s/ Christopher Cansiani*
            MM/DD/YYYY                  Signature of individual on behalf of debtor

                                        Christopher Cansiani
                                        Printed name

                                        Treasurer
                                        Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                                        :
In re:                                                  :     Chapter 11
                                                        :
Lucky Brand Dungarees, LLC, et al., ¹                   :     Case No. 20-_____ (_____)
                                                        :
                          Debtors.                      :     (Joint Administration Requested)
                                                        :
------------------------------------------------------- x
```

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned Debtors' equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in these chapter 11 cases.

| Debtor | Equity Holder | Approximate Percentage of Units Held[2] |
|---|---|---|
| LBD Parent Holdings, LLC | Clover Holdings II LLC | Preferred Units 89.9% <br><br> Class A, Class C-1, Class C-2 and Class E Common Units: 75.0% |
| | Carlos Alberini | Preferred Units 9.8% <br><br> Class A, Class C-1, Class C-2 and Class E Common Units: 13.5% |
| LBD Intermediate Holdings, LLC | LBD Parent Holdings, LLC | 100% of Units |
| Lucky Brand Dungarees, LLC | LBD Intermediate Holdings, LLC | 100% of Units |

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

[2]  All equity positions listed are as of the date of the commencement of these cases.

| Debtor | Equity Holder | Approximate Percentage of Units Held[2] |
|---|---|---|
| | | |
| Lucky Brand Dungarees Stores, LLC | Lucky Brand Dungarees, LLC | 100% of Units |
| | | |
| Lucky PR, LLC | Lucky Brand Dungarees, LLC | 100% of Units |

**Fill in this information to identify the case and this filing:**

Debtor Name    LBD Parent Holdings, LLC

United States Bankruptcy Court for the District of Delaware

Case number (*if known*): 20-_____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    *Amended Schedule* ____

☐    *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒    Other document that requires a declaration   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/03/2020          **X**   */s/ Christopher Cansiani*
               MM/DD/YYYY                     Signature of individual on behalf of debtor

                                         Christopher Cansiani
                                         Printed name

                                         Treasurer
                                         Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------- x
                                                 :
In re:                                           :        Chapter 11
                                                 :
Lucky Brand Dungarees, LLC, et al., [1]          :        Case No. 20-_____ (_____)
                                                 :
                        Debtors.                 :        (Joint Administration Requested)
                                                 :
----------------------------------------------- x
```

## CONSOLIDATED LIST OF EQUITY SECURITY HOLDERS

The following is a list of the above-captioned Debtors' equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in these chapter 11 cases.

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
| LBD Parent Holdings, LLC | Clover Holdings II LLC | Preferred Units 89.9%<br><br>Class A, Class C-1, Class C-2 and Class E Common Units: 75.0% | 11111 Santa Monica Blvd., Suite 2000 Los Angeles CA, 90025 |
| LBD Parent Holdings, LLC | Carlos Alberini | Preferred Units 9.8%<br><br>Class A, Class C-1, Class C-2 and Class E Common Units: 13.5% | Available Upon Request |
| LBD Parent Holdings, LLC | Krevlin 2005 Gift Trust | Preferred Units 0.3%<br><br>Class A Common Units: 0.3% | Glenhill Capital<br><br>600 5th Ave, New York, NY 10020 |
| LBD Parent Holdings, LLC | Certain current and former employees of the Debtors (listed below) | Class A Common Units: 5.2%<br><br>Class C-1 Common Units: 100%<br><br>Class C-2 Common Units: 100% | N/A |

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Lucky Brand Dungarees, LLC (3823), LBD Parent Holdings, LLC (4563), Lucky Brand Dungarees Stores, LLC (7295), Lucky PR, LLC (9578), and LBD Intermediate Holdings, LLC (7702). The Debtors' address is 540 S Santa Fe Avenue, Los Angeles, California 90013.

[2]  Due to privacy constraints, those addresses not listed have been omitted from this Petition but may be obtained upon reasonable written request to the Debtors' proposed counsel.

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
| | | Class E Common Units: 100% | |
| *Current and Former Employee Ownership*[3] | | | |
| LBD Parent Holdings, LLC | Allison Brown | Class A Common Units: 13,720 | Available Upon Request |
| LBD Parent Holdings, LLC | Allison Engel | Class A Common Units: 32,536 | Available Upon Request |
| LBD Parent Holdings, LLC | Alyson Barker | Class A Common Units: 31,360<br>Class C-1 Common Units: 11,200<br>Class C-2 Common Units: 16,800 | Available Upon Request |
| LBD Parent Holdings, LLC | Amanda Nicoletti | Class A Common Units: 10,780 | Available Upon Request |
| LBD Parent Holdings, LLC | Amber Fulbright | Class A Common Units: 7,252<br>Class C-1 Common Units: 7,400<br>Class C-2 Common Units: 11,100 | Available Upon Request |
| LBD Parent Holdings, LLC | Amy Leonard | Class C-1 Common Units: 40,000<br>Class C-2 Common Units: 60,000<br>Class E Common Units: 207,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Andrew McLean | Class A Common Units: 21,560<br>Class C-1 Common Units: 7,700<br>Class C-2 Common Units: 11,550 | Available Upon Request |
| LBD Parent Holdings, LLC | Angel Luis Malave | Class A Common Units: 15,680 | Available Upon Request |
| LBD Parent Holdings, LLC | Bryan Elliott | Class A Common Units: 6,468 | Available Upon Request |

---

[3]    The equity ownership information listed for each current and former employee of the Debtors is as of May 2020.

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
| LBD Parent Holdings, LLC | Carmel Carlton | Class A Common Units: 10,780<br><br>Class C-1 Common Units: 3,850<br><br>Class C-2 Common Units: 5,775 | Available Upon Request |
| LBD Parent Holdings, LLC | Carrie Tanzman | Class A Common Units: 21,364<br><br>Class C-1 Common Units: 15,880<br><br>Class C-2 Common Units: 23,820 | Available Upon Request |
| LBD Parent Holdings, LLC | Christopher Cansiani | Class A Common Units: 13,720<br><br>Class C-1 Common Units: 14,000<br><br>Class C-2 Common Units: 21,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Cindi Bruner | Class A Common Units: 9,800<br><br>Class C-1 Common Units: 10,000<br><br>Class C-2 Common Units: 15,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Connie Cartmill | Class A Common Units: 27,048<br><br>Class C-1 Common Units: 27,600<br><br>Class C-2 Common Units: 41,400 | Available Upon Request |
| LBD Parent Holdings, LLC | Courtney Lynch | Class A Common Units: 58,800<br><br>Class C-1 Common Units: 12,000<br><br>Class C-2 Common Units: 18,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Danielle Pinchasi | Class A Common Units: 9,800<br><br>Class C-1 Common Units: 10,000<br><br>Class C-2 Common Units: 15,000 | Available Upon Request |

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
| LBD Parent Holdings, LLC | David Chiovetti | Class A Common Units: 70,560 | Available Upon Request |
| LBD Parent Holdings, LLC | David Magid | Class A Common Units: 10,780<br><br>Class C-1 Common Units: 2,200<br><br>Class C-2 Common Units: 3,300 | Available Upon Request |
| LBD Parent Holdings, LLC | Deb Murtha | Class A Common Units: 23,520<br><br>Class C-1 Common Units: 24,000<br><br>Class C-2 Common Units: 36,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Domanie Spencer | Class A Common Units: 10,780<br><br>Class C-1 Common Units: 11,000<br><br>Class C-2 Common Units: 16,500 | Available Upon Request |
| LBD Parent Holdings, LLC | Emily Bowers | Class A Common Units: 8,820 | Available Upon Request |
| LBD Parent Holdings, LLC | Emily Carlin | Class A Common Units: 9,212 | Available Upon Request |
| LBD Parent Holdings, LLC | Eve Waldman | Class A Common Units: 8,820<br><br>Class C-1 Common Units: 3,150<br><br>Class C-2 Common Units: 4,725 | Available Upon Request |
| LBD Parent Holdings, LLC | Fernando Garcia | Class A Common Units: 9,800 | Available Upon Request |
| LBD Parent Holdings, LLC | Greg Moreau | Class A Common Units: 27,440<br><br>Class C-1 Common Units: 12,600<br><br>Class C-2 Common Units: 18,900 | Available Upon Request |
| LBD Parent Holdings, LLC | Gregory Ullery | Class A Common Units: 13,720 | Available Upon Request |

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
| | | Class C-1 Common Units: 14,000<br><br>Class C-2 Common Units: 21,000 | |
| LBD Parent Holdings, LLC | Hannah Hale | Class A Common Units: 8,820 | Available Upon Request |
| LBD Parent Holdings, LLC | Heather Searock | Class A Common Units: 13,720 | Available Upon Request |
| LBD Parent Holdings, LLC | Heather Serepy | Class C-1 Common Units: 2,800<br><br>Class C-2 Common Units: 4,200 | Available Upon Request |
| LBD Parent Holdings, LLC | Holly Rogers | Class A Common Units: 7,644 | Available Upon Request |
| LBD Parent Holdings, LLC | Jason Richard | Class A Common Units: 62,720 | Available Upon Request |
| LBD Parent Holdings, LLC | Jason Schultz | Class A Common Units: 20,972 | Available Upon Request |
| LBD Parent Holdings, LLC | Jessica DeNoble | Class A Common Units: 10,780 | Available Upon Request |
| LBD Parent Holdings, LLC | Jessica Parente | Class A Common Units: 9,800<br><br>Class C-1 Common Units: 10,000<br><br>Class C-2 Common Units: 15,000 | Available Upon Request |
| LBD Parent Holdings, LLC | John Fontana | Class E Common Units: | Available Upon Request |
| LBD Parent Holdings, LLC | Josh Weiner | Class A Common Units: 31,360<br><br>Class C-1 Common Units: 11,200<br><br>Class C-2 Common Units: 16,800 | Available Upon Request |
| LBD Parent Holdings, LLC | Kanako Miyake | Class A Common Units: 10,780<br><br>Class C-1 Common Units: 11,000<br><br>Class C-2 Common Units: 16,500 | Available Upon Request |

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
| LBD Parent Holdings, LLC | Karen Cornett | Class A Common Units: 8,820<br><br>Class C-1 Common Units: 9,000<br><br>Class C-2 Common Units: 13,500 | Available Upon Request |
| LBD Parent Holdings, LLC | Kelly Stanton | Class A Common Units: 9,800 | Available Upon Request |
| LBD Parent Holdings, LLC | Kim Afflerbach | Class A Common Units: 16,268<br><br>Class C-1 Common Units: 5,810<br><br>Class C-2 Common Units: 8,715 | Available Upon Request |
| LBD Parent Holdings, LLC | Kim Solow Pomeranz | Class A Common Units: 20,580<br><br>Class C-1 Common Units: 7,350<br><br>Class C-2 Common Units: 11,025 | Available Upon Request |
| LBD Parent Holdings, LLC | Kin Ying Lee | Class A Common Units: 92,120 | Available Upon Request |
| LBD Parent Holdings, LLC | Laura Sparrow | Class A Common Units: 6,468<br><br>Class C-1 Common Units: 6,600<br><br>Class C-2 Common Units: 9,900 | Available Upon Request |
| LBD Parent Holdings, LLC | Leigh Langner | Class A Common Units: 9,800<br><br>Class C-1 Common Units: 3,500<br><br>Class C-2 Common Units: 5,250 | Available Upon Request |
| LBD Parent Holdings, LLC | Linda Smith | Class A Common Units: 8,820 | Available Upon Request |
| LBD Parent Holdings, LLC | Lisa Spada | Class A Common Units: 8,820 | Available Upon Request |
| LBD Parent Holdings, LLC | Lisa Virtue | Class A Common Units: 29,400 | Available Upon Request |

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
|  |  | Class C-1 Common Units: 30,000<br><br>Class C-2 Common Units: 50,000 |  |
| LBD Parent Holdings, LLC | Lisa Young-Hollis | Class A Common Units: 21,560<br><br>Class C-1 Common Units: 22,000<br><br>Class C-2 Common Units: 33,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Marissa Goldsmith | Class A Common Units: 8,820<br><br>Class C-1 Common Units: 9,000<br><br>Class C-2 Common Units: 13,500 | Available Upon Request |
| LBD Parent Holdings, LLC | Matthew Fior | Class A Common Units: 78,400 | Available Upon Request |
| LBD Parent Holdings, LLC | Matthew Padak | Class A Common Units: 16,856 | Available Upon Request |
| LBD Parent Holdings, LLC | Megan Savino | Class A Common Units: 9,800 | Available Upon Request |
| LBD Parent Holdings, LLC | Meghan Kelly | Class A Common Units: 52,920 | Available Upon Request |
| LBD Parent Holdings, LLC | Michelle McCormick | Class A Common Units: 20,580 | Available Upon Request |
| LBD Parent Holdings, LLC | Mitch Cerny | Class A Common Units: 19,600<br><br>Class C-1 Common Units: 20,000<br><br>Class C-2 Common Units: 30,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Nigel Kershaw | Class A Common Units: 130,144<br><br>Class C-1 Common Units: 66,400<br><br>Class C-2 Common Units: 99,600 | Available Upon Request |
| LBD Parent Holdings, LLC | Patricia Chase-Lansdale | Class A Common Units: 18,228 | Available Upon Request |

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
| LBD Parent Holdings, LLC | Philomena Harrington | Class A Common Units: 17,640<br><br>Class C-1 Common Units: 18,000<br><br>Class C-2 Common Units: 27,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Rob Fagan | Class A Common Units: 39,200<br><br>Class C-1 Common Units: 14,000<br><br>Class C-2 Common Units: 21,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Rosario Morales | Class A Common Units: 12,740 | Available Upon Request |
| LBD Parent Holdings, LLC | Ruth Samson | Class A Common Units: 13,132 | Available Upon Request |
| LBD Parent Holdings, LLC | Shannon Baird | Class A Common Units: 15,680<br><br>Class C-1 Common Units: 16,000<br><br>Class C-2 Common Units: 24,000 | Available Upon Request |
| LBD Parent Holdings, LLC | Shireen Jiwan | Class A Common Units: 45,080 | Available Upon Request |
| LBD Parent Holdings, LLC | Sui Cheng Khoo | Class A Common Units: 45,080 | Available Upon Request |
| LBD Parent Holdings, LLC | Surfaraz Maner | Class A Common Units: 7,252 | Available Upon Request |
| LBD Parent Holdings, LLC | Suzanne Hancock | Class A Common Units: 8,820<br><br>Class C-1 Common Units: 9,000<br><br>Class C-2 Common Units: 13,500 | Available Upon Request |
| LBD Parent Holdings, LLC | Thaddia Rintel | Class A Common Units: 11,760 | Available Upon Request |
| LBD Parent Holdings, LLC | Tyson Stewart | Class A Common Units: 9,800<br><br>Class C-1 Common Units: 10,000 | Available Upon Request |

| Debtor | Equity Holder | Units | Equity Holder Address[2] |
|---|---|---|---|
|  |  | Class C-2 Common Units: 15,000 |  |
| LBD Parent Holdings, LLC | Wolfgang Castello | Class A Common Units: 10,780 | Available Upon Request |
| LBD Intermediate Holdings, LLC | LBD Parent Holdings, LLC | 100% of Units | 540 S Santa Fe Avenue Los Angeles, CA 90013 |
| Lucky Brand Dungarees, LLC | LBD Intermediate Holdings, LLC | 100% of Units | 540 S Santa Fe Avenue Los Angeles, CA 90013 |
| Lucky Brand Dungarees Stores, LLC | Lucky Brand Dungarees, LLC | 100% of Units | 540 S Santa Fe Avenue Los Angeles, CA 90013 |
| Lucky PR, LLC | Lucky Brand Dungarees, LLC | 100% of Units | 540 S Santa Fe Avenue Los Angeles, CA 90013 |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐     *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐     *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐     *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐     *Schedule H: Codebtors* (Official Form 206H)

☐     *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐     *Amended Schedule* ____

☐     *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒     Other document that requires a declaration List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __07/03/2020__      **X**   __/s/ Christopher Cansiani__
               MM/DD/YYYY           Signature of individual on behalf of debtor

                                                __Christopher Cansiani__
                                                Printed name

                                                  __Treasurer__
                                                  Position or relationship to debtor